FILED
SUPERIOR COURT
OF GUAM

2019 FEB -5 AM 11: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0632-14 |
| vs. | **DECISION AND ORDER** |
| FAUSTINO JAMES FEJERAN MATEO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 18, 2018, for hearing on Defendant Faustino James Fejeran Mateo's ("Defendant") Motion to Reduce Sentence. Defendant was present with counsel, Public Defender Stephen P. Hattori, and Assistant Attorney General Rogelio G. Batarao, Jr. was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 2, 2015, Defendant was found guilty by a jury of his peers to the charges of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). On September 22, 2015, Defendant was sentenced to seven (7) years of incarceration, with credit for time served, and a three (3) year parole term with recommended conditions to be imposed. (Judgment, Oct. 12,

*People v. Mateo*
Case No. CF0632-14
Decision and Order

2015). Defendant subsequently appealed his convictions, which were affirmed by the Supreme Court of Guam. *See People v. Mateo*, 2017 Guam 22.

On August 6, 2018, Defendant filed a Motion to Reduce Sentence. On August 9, 2018, the Government filed a Response to the Motion, indicating that the Motion was not properly before the Court as it was filed beyond the 120 days provided by 8 G.C.A. § 120.46. *See generally*, Resp., Aug. 6, 2018.

On October 18, 2018, the Court indicated it would allow the Motion to go forward on the merits,[1] and instructed the Government to file any opposition within fourteen days, and for Defendant to file a reply seven days later. The Court also indicated that it would likely take the matter under advisement on the pleadings. On October 23, 2018, the Government filed a Supplemental Response to the Motion for Reduction of Sentence. No further pleadings were filed by Defendant. The Court subsequently placed the matter under advisement. *See* CR1.1 Form 3, Amended Notice of Hearing or Submission on Briefs, Nov. 15, 2018.

## DISCUSSION

The reduction of a sentence after entry of judgment is governed by 8 G.C.A. § 120.46, which provides as follows:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 G.C.A. § 120.46. The trial court has the discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *Id.*

---

[1] Pursuant to 8 G.C.A. § 120.46, Defendant had 120 days to file the Motion to Reduce Sentence after the Supreme Court's Mandate was filed on April 6, 2018. 120 days from April 6, 2018 was Saturday, August 4, 2018. Defendant filed his Motion the following Monday on August 6, 2018.

In this matter, Defendant moves the Court to remove the phrase "direct time" from the Judgment, so that he will be eligible for parole pursuant to 9 G.C.A. § 80.70 and to reduce his sentence from seven (7) to five (5) years. *See generally*, Mot. Reduce, Aug. 6, 2018. Defendant argues that he has historically responded well under the supervision of parole and/or probation, and completed his supervision under parole and probation for three prior cases. *Id.* at 3.

In response, the Government argues that this is not the place for the Government to litigate the issue of the Parole Board's interpretation of "direct time" when the Parole Board is not a party to the case, and does not have a representative to state its legal position on the issue. (Resp. at 3, Oct. 23, 2018). Additionally, the Government argues that while Defendant "has had ample opportunity to seek rehabilitation and treatment in connection with his several serous prior cases, [he] continued to re-offend despite these opportunities, resulting most recently in his current case and incarceration." *Id.* at 4.

Upon further review, the Court does not find that the sentence previously imposed is "unduly harsh" and will not reduce Defendant's sentence from seven years to five years, as requested. The Court will, however, remove the phrase "direct time" from the Judgment, to ensure that there will be no challenge to his eligibility for parole under section 80.70. An Amended Judgment shall be filed contemporaneously with this Decision and Order reflecting that change.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Reduce Sentence.

**IT IS SO ORDERED** this 4th day of February, 2019.

SERVICE VIA COURT BOX

I acknowledge ____, of the original he.... ....ed in the court box o..._ ____

Date:____ T.... ____

Deputy Clerk, Superior Cou.. ...  ....

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Mateo*
Case No. CF0632-14
Decision and Order